Dear Mr. Hudson:
You advise this office that you currently hold full-time employment as executive counsel to the Office of the Lieutenant Governor. You ask if you may also serve as a member of the board of the Greater Baton Rouge Arts Council.
The Dual-Officeholding and Dual Employment Laws, R.S. 42:61, etseq., contemplate the holding of two or more elective or appointive offices and/or employments as defined by statute. "Employment" is defined by R.S. 42:62(3) as follows:
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
While you hold employment under R.S. 42:62(3), your position as board member for the Arts Council is neither an "elective office" nor an "appointive office" for purposes of the dual-officeholding provisions. R.S. 42:62(1) and (2) provide, respectively:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or *Page 2 
department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
The Arts Council of Greater Baton Rouge is a nonprofit corporation, originally formed under Louisiana law by individuals in 1973 and not by or with the authority of any governing authority or political subdivision. The board members are elected by the membership of this nonprofit organization.[1]
Because you do not hold two positions which fall within the ambit of the dual-officeholding statutes, none of the prohibitions contained therein are applicable.
We understand that your state employer (the Office of the Lieutenant Governor) administers the Department of Recreation Tourism; you state the latter entity is "involved, in various degrees, with the Arts Council. . . the Department of Culture, Recreation Tourism relationship with the Arts Council includes certain administrative and funding considerations." You state that your duties as executive counsel do not include any direct actions that specifically affect the Arts Council. Further, you state the Arts Council practices full disclosure in regard to your board participation and that the policy of the board requires you to recuse yourself from votes that give the appearance of a conflict of interest.
This office renders legal opinions concerning the application of the dual-officeholding law. For the foregoing reasons, we determine that the dual-officeholding laws are inapplicable and thus do not prohibit you from holding both positions.
However, any questions concerning the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone 225-763-8777.
Finally, we assume that your position of employment with the state is unclassified. If you are a state classified employee, state civil service rules and regulations should be reviewed to ensure that the simultaneous holding of the positions discussed is not prohibited. For further clarification regarding this issue, please contact Mr. Robert Boland, General Counsel, Louisiana *Page 3 
Department of State Civil Service, P.O. Box 94111, Capitol Station, Baton Rouge, LA 70804, phone 225-342-8272.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
[1] We are aware that the Arts Council of Greater Baton Rouge is "the community's agency specifically concerned with the arts and humanities in the city and parish." See Ordinance No. 9390 § 1, 1-22-92 of the City of Baton Rouge, Parish of East Baton Rouge Code of Ordinances. However, this does not affect our determination herein.